**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ARTHUR T. BALL̶S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:11-cv-501-SEB-MJD |
| | ) | |
| MARION COUNTY, STATE OF | ) | |
| INDIANA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**E N T R Y**

This civil rights action was dismissed May 11, 2011, based on the plaintiff's failure to obey an order of the court. The matter presently before the court is the plaintiff's motion for relief from judgment filed on December 2, 2011.

The plaintiff was given a period of time in which to supplement the motion for relief from judgment filed on December 2, 2011, "by (a) explaining why he did not comply with directions in the Entry of April 19, 2011, (b) supplying the information required in the Entry of April 19, 2011, and (c) showing that setting aside the judgment of May 11, 2011, is warranted under some factor of Rule 60(b) of the *Federal Rules of Civil Procedure*." (The plaintiff had previously been provided with information regarding Rule 60(b) in Part III of the Entry issued on November 8, 2011.) In response, the plaintiff submitted material filed with the clerk on December 29, 2011 (hereafter "response").

Regarding the first point, the plaintiff states that he rests on the decision in *Jackson v. Marion County,* 66 F.3d 151 (7th Cir. 1995), and asserts that it was an abuse of discretion for this court to have issued the Entry of April 19, 2011. These points are not responsive to the court's directions. The same is also true of the remainder of the response, meaning that the response does not "supply[ ] the information required in the Entry of April 19, 2011," or "show[ ] that setting aside the judgment of May 11, 2011, is warranted under some factor of Rule 60(b)." The response does make a confused reference to the Judgment of May 11, 2011, as "void," but this is most certainly not the case. *See Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 n.5 (8th Cir. 1980) ("The concept of a void judgment is extremely limited. Professor Moore indicates the concept is so narrowly restricted that, although seemingly incongruous, a federal court judgment is almost never void because of lack of federal subject matter jurisdiction.") (citing 7 Moore's Federal Practice ¶ 60.25[2], at 305-06 (2d ed. 1979)) (other citations omitted); *see also Baumlin & Ernst, Ltd. v. Gemini, Ltd.,* 637 F.2d 238 , 241-42 (4th Cir.

1980)(explaining that an "[e]rror . . . does not make the judgment void" under Rule 60(b)(4)).

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). His motion for relief from judgment [11] does not show either of these circumstances. That motion is therefore **denied.**

**IT IS SO ORDERED**.

Date: 01/24/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ARTHUR T. BALL'S
911579
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064