UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ARTHUR T. BALL=S, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:11-cv-501-SEB-MJD |
| | ) |
| MARION COUNTY, STATE OF INDIANA, et al. | ) |
| | ) |
| Defendants. | ) |

**E N T R Y**

**I.**

Final judgment in this civil rights action was entered on May 11, 2011, the court based this on the plaintiff's failure to obey an order of the court. Specifically, the plaintiff failed to comply with directions issued in the Entry of April 19, 2011, wherein he was directed to "supplement his complaint by identifying who he is suing and why" and to "explain whether, and if so how, the claims in this action differ[ed] from those presented and resolved in No. 1:10-cv-1688-WTL-MJD."

A series of post-judgment filings followed. Relief was denied. The plaintiff filed an appeal, which was docketed as No.12-1402. The mandate dismissing the appeal was issued on June 19, 2012.

The matter now before the court is the plaintiff's most recent motion for relief from judgment, filed on September 21, 2012.

**II.**

**A.**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).

In the most recent post-judgment motion, plaintiff refers to both Rule 59 and Rule 60.

### B.

Although the motion addressed in this Entry refers to Rule 59, no relief under that Rule is possible here. "A motion under this rule must be filed within 28 days of the district court's decision. That time cannot be extended. Fed.R.Civ.P. 6(b)(2)." *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 663 (7th Cir. 2012).

The motion for relief from judgment [29] filed on September 21, 2012, is therefore **denied** as untimely insofar as it is filed pursuant to Rule 59(e).

### C.

A motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)).

### III.

### A.

"Rule 60 regulates the procedures by which a party may obtain relief from a final judgment . . . . The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Charles Alan Wright and Andrew D. Liepold, **Federal Practice and Procedure** § 2851 (4th ed. 2008). "A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

A movant has a "reasonable" period of time in which to file a Rule 60(b) motion, subject in some circumstances to a 1-year maximum. *See Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 560 (7th Cir. 1999) (citations omitted); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986). The one-year cap is an "extreme outer limit," and the Court of Appeals has repeatedly cautioned that "even a motion filed within a year will be rejected as untimely if not made within a reasonable time." *Berwick Grain Co.,* 189 F.3d at 560 (citations omitted). "What

constitutes a 'reasonable time' ultimately depends on the facts of each case including the reason for delay, the practical ability of the litigant to have learned about the grounds of the judgment earlier, and the degree of prejudice to the other parties." *Kagan,* 795 F.2d at 610 (quoting Rule 60). This time limit is jurisdictional and cannot be extended. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). A motion under the "catchall" provision contained in Rule 60(b)(6) also must be made "within a reasonable time."

**B.**

The present motion for relief from judgment is premised on the suggestion–an implication–that this lawsuit met an early demise because he is indigent. Not so. The plaintiff is a "prisoner" as that term is used in 42 U.S.C. § 1915(h), and the screening of his complaint for legally insufficient claims was and is mandatory pursuant to 28 U.S.C. § 1915A(b). *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."); *see also* G*ladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). There was no decision in this action which omitted or misapplied a necessary step or applicable legal standard. Specifically, the standards pertaining to seeking *in forma pauperis* status were not misapplied (and have no bearing on whether post-judgment relief is not warranted), the court did not convert the civil rights action to an action for habeas corpus relief, and has not improperly held the plaintiff liable for payment of the filing and appellate fees.

More important than that the motion for relief from judgment is repetitive and lacking in merit, however, is that as shown above the most recent motion was not filed within the outer 1-year limit permitted by Rule 60(b). Additionally, the motion for relief from judgment was not filed within a reasonable time, but instead appears in every respect to be another sign that this plaintiff is unwilling to accept decisions with which he simply does not agree.

**IV.**

Based on the foregoing discussion, the motion for relief from judgment discussed in this Entry [29] is **denied.**

**IT IS SO ORDERED.**

Date:  09/28/2012
_____

*(signature)*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Arthur T. Ball's
911579
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064